Congress Cigar Co., Inc., demandante y apelada, *v.* Angelina Grau Sandoval y Josefa Sandoval Vda. de Grau, demandadas y apelantes.

No. 5672.—*Sometido:* Febrero 8, 1932. *Resuelto:* Febrero 26, 1932.

*A. Reyes Delgado,* abogado de las apelantes; *V. Polanco de Jesús,* abogado de la apelada.

E<small>L</small> J<small>UEZ</small> P<small>RESIDENTE</small> S<small>EÑOR DEL</small> T<small>ORO</small>, emitió la opinión del tribunal.

La parte apelada presentó una moción pidiendo la desestimación del recurso interpuesto en este caso porque no obstante haberse radicado la transcripción de los autos en la secretaría de este tribunal desde el 26 de octubre de 1931, a la fecha de la moción—enero 23, 1932—no se había presentado el alegato, que debió radicarse dentro del término de diez días o de su prórroga que no fué aquí solicitada.

La vista de la moción se fijó para el 8 de febrero actual y el propio día la parte apelante presentó una moción que dice:

"Como contestación a la moción de la parte demandante-apelada para que se desestime el recurso de apelación en este caso radicamos en el día de hoy el alegato y suplicamos a este Honorable Tribunal Supremo dé por admitido el mismo, pues se trata de una apelación meritoria tal como podrá verse de las cuestiones planteadas en dicho alegato."

El artículo 60 del Reglamento de este tribunal expresa:

"Si el apelante dejare de cumplir cualquiera de los deberes o requisitos que las leyes o estas reglas le impongan, el Tribunal puede desestimar de oficio la apelación en cualquier día o a moción de la parte apelada, previa notificación al apelante."

Es evidente que la parte apelante dejó de cumplir el precepto reglamentario que fija el término de diez días para la presentación del alegato (artículo 42 del Reglamento) y siendo ello así puede desestimarse el recurso como lo solicita la parte apelada.

Por los términos de la moción de la parte apelante presentada en el mismo día señalado para la vista de la moción de desestimación, parece que descansa en el artículo 58 del Reglamento de este tribunal. Dicho artículo no se refiere a la radicación de alegatos sino a la de los autos, pero su regla ha sido en verdad extendida a casos de alegatos. Aun así, su aplicación sería ineficaz en este caso, porque lo que constituye una contestación suficiente a la moción de desestimación, es que los autos o el alegato aunque fuera de término estén ya presentados a la fecha de la notificación de la moción, y aquí la presentación se hizo quince días después de la notificación.

Sólo resta examinar si debemos o no ejercitar nuestra discreción en pro de la parte apelante, ya que nuestra regla dice "puede" y no "debe".

Estaríamos en mejores condiciones para ello si dicha parte hubiera explicado el porqué de su abandono. El no explicarlo sería por sí solo bastante para no investigar más y desestimar el recurso. El único argumento que aduce en su favor es la bondad de su causa en su fondo. El alegato en verdad no sólo es extenso sino que parece contener un estudio serio de las cuestiones envueltas, la importancia de algunas de las cuales puede apreciarse a primera vista.

Aunque con algunas dudas de si vamos demasiado lejos y sin que deba invocarse esta resolución como un precedente inflexible, sino como basada únicamente en las circunstancias concurrentes, e inspirados en el deseo de que los casos siempre que ello sea posible se resuelvan en el fondo por sus propios méritos, nos inclinamos a resolver y resolveremos *no haber lugar a la desestimación.*